IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| INDIANA STATE DISTRICT COUNCIL ) <br> OF LABORERS AND HOD CARRIERS ) <br> PENSION FUND, On Behalf of Itself and ) <br> All Others Similarly Situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> RENAL CARE GROUP, INC., *et al.* ) <br> ) <br> Defendants. ) | Civil No. 3:05-0451 <br> Judge Trauger |

**MEMORANDUM and ORDER**

Pending before the court is the plaintiff's Motion to Remand (Docket No. 7), to which the defendants have responded in opposition (Docket No. 39), and both parties have filed numerous additional briefs (Docket Nos. 45, 50, 75, 80). For the reasons expressed herein, the Motion to Remand is **GRANTED**.

On May 31, 2005, the plaintiff filed a shareholder class action in the Chancery Court for Nashville, Davidson County, Tennessee, seeking equitable relief only. The causes of action alleged, based upon Delaware state law, are broadly breach of fiduciary duties and self-dealing in connection with a corporate merger scheduled to take place August 18, 2005. (Docket No. 1, attach.) On June 8, 2005, the defendants removed the case to federal court, alleging jurisdiction under the Class Action Fairness Act of 2005, which expands this court's diversity jurisdiction for certain class actions. (Docket No. 1) The plaintiff's Motion to Remand is based upon its assertion that a breach of fiduciary duty claim is one of the "carve outs" under the Class Action Fairness Act, making this case non-removable under the Act. (Docket No. 8)

The defendants filed a Motion to Dismiss (Docket No. 14), which was granted without opposition on August 5, 2005 (Docket No. 68). The plaintiffs had previously filed an Amended Complaint, on July 20, 2005 (Docket No. 43), based upon which the defendants filed a Motion for Leave to File Amended Notice of Removal (Docket No. 46). The Amended Notice of Removal, which the court has allowed to be filed, added a second jurisdictional ground for the removal, that of federal question original jurisdiction in this court.

The Class Action Fairness Act applies to civil actions commenced on or after February 18, 2005. It does not apply to "any class action that solely involves . . . (3) a claim that relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security (as defined under section 2(a)(1) of the Securities Act of 1933 (15 U.S.C. § 77(b)(a)(1)) and the regulations issued thereunder)." 28 U.S.C. § 1453(d) (2005) Neither the parties nor the court has found any case interpreting this exception to the Act. The defendants assert that this section is ambiguous and that, therefore, the court must resort to an examination of the Act's legislative history; however, this court does not find the wording of this exception ambiguous in the least. It seems clear to the court that any class action solely based upon breach of fiduciary duty in connection with a security is, indeed, a "carve out" from the Class Action Fairness Act. This case is such a case, and, therefore, its removal from state court based upon the Act was improper.

The defendants also argue that the Complaint contains an "imbedded federal question," which confers jurisdiction upon this court. This argument is based upon the fact that the stock in Renal Care Group, Inc. held by the plaintiff is common stock registered under the Securities Exchange Act and publicly-traded and the fact that the plaintiff alleges that misrepresentations

2

were made in disclosure documents required by federal law. This assertion is in error. The plaintiff has brought a clear Delaware state law breach of fiduciary duty claim that is not converted into a federal cause of action simply because the stock of the corporation involved is publicly-traded and the filings at issue were mandated by the SEC rules and regulations. *See Greaves v. McAuley*, 264 F. Supp. 2d 1078, 1086–87 (N.D. Ga. 2003) (remanding when, although nondisclosure claim arose in part from alleged misstatements in a joint proxy/registration statement required by federal securities regulations, plaintiff had alleged only a state law breach of fiduciary duty of disclosure claim that did not necessarily hinge on the resolution of a substantial federal question); *see also Klein v. Southwest Gas Corp.*, No. 99-1004-IEG (CGA), 1999 U.S. Dist. LEXIS 22979, at *14–17 (S.D. Cal. Aug. 3, 1999) (remanding when, although plaintiffs may have had potential claims arising under federal securities law because of defendants' alleged misstatements and omissions, plaintiffs only brought state law breach of fiduciary duty claims, and a finding that defendants had violated federal securities law was not essential to resolution of state law); *Gargiulo v. Decker*, No. SA CV 05-00103-GHK (VBKx), 2005 U.S. Dist. LEXIS 6002, at *8, 12–14 (C.D. Cal. Mar. 30, 2005) (remanding when, although federal securities law imposed duties on defendants, so did state laws under which plaintiff had brought claims; thus resolution of an essential federal issue was not required).

     Moreover, there can be no question but that Delaware law imposes fiduciary duties as alleged and that cases alleging a breach of those duties, but based upon federal securities filings, can be state court cases. *See Arnold v. Society for Savings Bancorp, Inc.*, 678 A.2d 533, 536–37, 539 (Del. 1996) (describing Delaware duty of disclosure as a judicially-imposed fiduciary duty that applies as a corollary to express Delaware statutory requirements for merger and expressing

3

a distinction between who may be held liable for breach of duty of disclosure under federal as opposed to Delaware law); *Stroud v. Grace*, 606 A.2d 75, 84, 86–87 (Del. 1992) (discussing fiduciary duty of disclosure under Delaware law); *Rosenblatt v. Getty Oil Co.*, 493 A.2d 929, 944–45 (Del. 1985) (analyzing whether proxy statement in merger satisfied disclosure requirements of Delaware law and detailing "duty of complete candor").  Therefore, the defendants' argument that the Complaint contains an "imbedded federal question" giving rise to federal jurisdiction is without merit.  Resolution of a federal question is not "necessary" to deciding the state law claim; therefore, there is no federal jurisdiction.  *See Long v. Bando Mfg. of Amer., Inc.*, 201 F.3d 754, 759–60 (6th Cir. 2000) (finding that there was no federal question jurisdiction where resolution of a federal question was not necessary or essential to resolution of plaintiff's state law wrongful discharge claim).

The plaintiff's request for attorney's fees, which rests within the sound discretion of the court, is **DENIED**.  Given that there is no case law interpreting the relevant exception to the Class Action Fairness Act, the court cannot find that such an award would be "fair and equitable under all the circumstances."  *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993).

It is hereby **ORDERED** that the Clerk shall remand this case to the Chancery Court for Nashville, Davidson County, Tennessee**.**

Enter this 18th day of August 2005.

_____
ALETA A. TRAUGER
U.S. District Judge

4